IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JETHRO L. LARKIN II, | No. C-12-0209 TEH (PR) |
|     Plaintiff, | ORDER OF DISMISSAL |
|     v. | |
| STEVEN JETER, | |
|     Defendant. | |

Plaintiff, a California state prisoner incarcerated at California Correctional Institution in Tehachapi, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that on November 10, 2011, Pelican Bay State Prison ("PBSP") correctional officer Steven Jeter caused him harm by deliberately and carelessly refusing to take away a dirty food tray and replace it with a clean food tray. Doc. #1 at 5-6. Plaintiff seeks a letter of apology from Officer Jeter; $13,000 in general damages; $36,000 in compensatory damages; and $45,000 in punitive damages. For the reasons set forth below, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim. Petitioner's

applications for leave to proceed in forma pauperis will be addressed in a separate order.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

A

Plaintiff complains that on November 10, 2011, he received a food tray that was dirty and covered with "thick-thick brown greasy oil food stains." Doc. #1 at 5. Plaintiff informed Officer Jeter, the floor officer at the time, that his tray was dirty. Id. Plaintiff alleges that Officer Jeter responded to him in a "hard mean voice" and dismissed his concerns and told him to file an administrative appeal regarding Food Services instead of bothering the floor officers. Id. Plaintiff alleges that he had previously complained about an unsanitary food tray on September 15, 2011 and

1  was informed at that time that he should alert the floor officer to
2  the unsanitary food tray and that the floor officer was to contact
3  Food Services and arrange for a replacement food tray.  Id.
4  Plaintiff alleges that Officer Jeter's failure to obtain him a
5  replacement food tray is a violation of 42 U.S.C. § 1983.

## B.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishments.  "The Constitution does not mandate comfortable prisons, . . . but neither does it permit inhumane ones."  See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted).  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Id.  Prison authorities may not deny prisoners "'the minimal civilized measure of life's necessities.'"  Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the

1  shorter the time it can be withheld.  Johnson v. Lewis, 217 F.3d
2  726, 731 (9th Cir. 2000).  Although the Eighth Amendment protects
3  against cruel and unusual punishment, this does not mean that
4  federal courts can or should interfere whenever prisoners are
5  inconvenienced or suffer de minimis injuries.  See, e.g., Anderson
6  v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary
7  placement in safety cell that was dirty and smelled bad did not
8  constitute infliction of pain), amended 75 F.3d 448 (9th Cir. 1995);
9  Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation
10 that inmate slept without mattress for one night is insufficient to
11 state 8th Amendment violation and no amendment can alter that
12 deficiency), judgment vacated on other grounds 493 U.S. 801 (1989);
13 Holloway v. Gunnell, 685 F.2d 150, 155-56 (5th Cir. 1982) (no claim
14 stated where prisoner forced to spend two days in hot dirty cell
15 with no water for hours).
16         The complaint fails to state a claim for relief under
17 § 1983.  The failure to provide Plaintiff with a clean food tray is
18 insufficient to state an Eighth Amendment violation, and no
19 amendment of the complaint can cure that.  Being provided a food
20 tray covered with a layer of greasy food stains did not deprive
21 Plaintiff of the minimal civilized measure of life's necessities.
22 //
23 //
24 //
25 //
26 //
27
28                                4

**II**

For the reasons set forth above, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.  The clerk shall deny all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *04/25/2012*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.12\Larkin-12-0209-dismissal.ftsc.wpd

5